**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4117-16T2

ROBERT KELLEHER and
BETH DEE BOB FV, INC.,

      Plaintiffs-Respondents,

v.

PMD ENTERPRISES, INC.,
CAPE MAY CANNERS, INC.,
SURFSIDE PRODUCTS, INC.,
MICHAEL A. LAVECCHIA,
DANIEL LAVECCHIA, PETER
LAMONICA, JANIS LAMONICA,
and CAROLYN LAVECCHIA,

      Defendants-Appellants.

_____

Argued November 26, 2018 – Decided  December 7, 2018

Before Judges Fasciale and Gooden Brown.

On appeal from Superior Court of New Jersey, Law Division, Atlantic County, Docket No. L-5996-12.

Rudolph C. Westmoreland argued the cause for appellants (Westmoreland Vesper Quattrone & Beers, attorneys; Kathleen F. Beers and Rudolph C. Westmoreland, on the briefs).

Daniel J. Gallagher argued the cause for respondents.

PER CURIAM

In this breach of contract case, defendants[1] appeal from an October 31, 2016 order entered on remand, which granted summary judgment to plaintiffs, and an order filed on April 28, 2017, awarding counsel fees, costs, and prejudgment interest in plaintiffs' favor. The judge read the parties' contract as a whole, rejected defendants' impossibility defense, and entered the orders under review. We affirm.

In our remand opinion, Kelleher v. PMD Enters., Inc., No. A-4409-12 (App. Div. Sept. 24, 2014) (slip op. at 2), we vacated the previous judge's order severing the parties' contract and preliminarily rejected defendants' assertion that the doctrine of impossibility relieved them of their contractual obligations. In severing the contract, that judge had explained that

> [d]efendants leased allocation tags, which permitted the harvesting of three types of clams. It is undisputed that the [d]efendants paid for all the federal inshore clams (harvested and unharvested) and the [q]uahogs (harvested and unharvested)[,] and [defendants] completed all obligations for payment concerning the leasing of the allocations for these two specific clams.

---

[1] PMD Enterprises, Inc. (PMD); Cape May Canners, Inc. (CMC); Surfside Products, Inc. (Surfside); Michael A. LaVecchia, Daniel LaVecchia, and Carolyn LaVecchia (the LaVecchias); and Peter and Janis LaMonica (the LaMonicas) (collectively referred to as defendants).

A-4117-16T2

> However, [d]efendant[s] failed to make payment on the New Jersey inshore clams because they no longer exist in catchable quantities.
>
> [Id. at 13 (alterations in original).]

We remanded, however, emphasizing plaintiffs' steadfast position that defendants were contractually obligated to make annual payments for the right to harvest all clams, not just inshore clams, rather than a specific apportionment for a particular category of clams. We stated that:

> The judge focused on the amount of rent that PMD paid for each type of clam, rather than on the intent of the parties gathered from the lease agreements and the surrounding circumstances. The parties should be afforded the opportunity to more fully develop the record on severability so that the issue can be resolved by the judge, or a jury if there are genuine issues of fact as to the parties' intent.
>
> [Id. at 13-14.]

We pointed out that the parties' agreement listed three sets of "allocations," and that the agreement "[did] not indicate a clear 'definite apportionment' of what the value of each collection of allocation was, or how defendants' consideration of rent could be divided into the three categories." Id. at 14 n.9. See Menorah Chapels at Millburn v. Needle, 386 N.J. Super. 100, 111 (App. Div. 2006) (stating "a contract is said to be divisible when performance is divided in two or more parts with a definite apportionment of the total

3

consideration to each part"). Such an exercise would have necessarily involved consideration of defendants' defense of impossibility to harvest inshore clams – under the terms of the contract – and the parties' intent as to defendants' obligation to pay rent regardless of clam population.

On remand, defendants did not move to sever the part of the contract that defendants argued was impossible to perform. Nevertheless, defendants contended that they were relieved from their contractual obligations because it was impossible to harvest inshore clams (twelve percent of the entire contract). But defendants' counsel acknowledged at oral argument before the judge that if the impossibility defense were to be applied to the entire contract, plaintiffs would be entitled to summary judgment. The judge looked at the contract as a whole, unsurprisingly rejected defendants' impossibility defense, and granted summary judgment to plaintiffs.

On appeal, defendants rely on Restatement (First) of Contracts: Impossibility § 464 (Am. Law Inst. 1932). They contend severability was unnecessary to adjudicate the applicability of the defense of impossibility. Defendants argue that even in the absence of severability of the contract, their impossibility defense relieves them of their contractual obligations.

Supervening events that make performance impractical may excuse performance. M.J. Paquet, Inc. v. N.J. Dep't of Transp., 171 N.J. 378, 389-90 (2002). We have previously stated that:

> A successful defense of impossibility (or impracticability) of performance excuses a party from having to perform its contract obligations, where performance has become literally impossible, or at least inordinately more difficult, because of the occurrence of a supervening event that was not within the original contemplation of the contracting parties.
>
> [JB Pool Mgmt., LLC v. Four Seasons at Smithville Homeowners Ass'n, Inc., 431 N.J. Super. 233, 246 (App. Div. 2013).]

Here, the parties' agreement stated that "the amount of clams actually harvested by [defendants] shall not impact upon [defendants'] rental sum due." Defendants expressly agreed to continue to pay rent regardless of any declines in the clam population. Courts give effect to defendants' acceptance of this absolute obligation to pay rent in accordance with the contract terms. Marini v. Ireland, 56 N.J. 130, 143 (1970) (stating "[i]t is of course not the province of the court to make a new contract or to supply any material stipulations or conditions which contravene the agreements of the parties"). Thus, even if one were to consider impossibility as a defense to the inshore clams – without severance – defendants agreed to pay rent regardless of declines in the clam population.

We conclude that the judge correctly read the contract as a whole. Defendants offered no support that they could not perform under the entire contract due to the decline in inshore clam population. Indeed, defendants conceded that they continued to make a profit notwithstanding the issues harvesting the inshore clams. Defendants did not establish the defense of impossibility, especially under the contract as a whole.

We reject defendants' argument that the judge abused his discretion awarding fees and costs to plaintiffs. Defendants urge us to reverse the award as the litigation arose out of a legitimate contractual dispute rather than an issue with nonpayment of rent. Defendants assert that imposing a fee here would cause a "chilling effect" upon a litigant's reasonable pursuit of his or her rights. Defendants do not appeal the specific fee amount, but argue that the fee award impermissibly exceeds plaintiffs' damages amount.

The judge stated his reasons for granting plaintiffs' fee application on the record, in pertinent part, as follows:

> The threshold issue is whether . . . plaintiff[s are] entitled to counsel fees and costs pursuant to the language set forth above. In the [c]ourt's view . . . plaintiff is ultimately entitled to counsel fees.
>
> . . . .

Again, while defendant[s] correctly argue[] the American rule generally does not provide for counsel fees and the potential chilling effect that awarding counsel fees can have, the [c]ourt cannot ignore the clear case law that permits counsel fees to be awarded in the context when the parties enter into an arm['s] length transaction and agree to have counsel fees paid by one side to the other.

. . . .

Moreover, the defendant[s'] argument that this case is about the existence or non-existence of harvestable clams in the [c]ourt's view is not persuasive. Of course that was certainly a key issue in the matter, but the contract broadly permits . . . plaintiff[s] to recover fees relating to any action incurred by . . . plaintiff[s] in prosecuting or defending a case related to this matter.

I'm just not persuaded . . . [r]arely do people come before the [c]ourt where they say, "The lease says $500 an hour. We're disputing about something else." It's almost always a dispute about something else. The heater is not working . . . the stove for the restaurant is not working, but that's an issue to be litigated, but it's not a reason to say it's not related to the lease itself simply because it's some collateral issue that is encompassed by the lease.

. . . .

. . . In the [c]ourt's view these claims are intertwined and both relate to the lease between the parties. Moreover, as noted in the contract[,] it permits . . . plaintiff[s] to recover fees with respect to any action incurred in prosecuting or defending a case.

7

Here, the agreement provides:

> If Lessor be compelled to pay any expense, including reasonable attorney's fees, in instituting, prosecuting or defending any action by reason of any act or omission of Lessee, the sums so paid by Lessor shall be considered additional rent, and shall be immediately due from Lessee upon written notice thereof.

"[F]ee determinations by trial [judges] will be disturbed only on the rarest of occasions, and then only because of a clear abuse of discretion." Packard-Bamberger & Co., Inc. v. Collier, 167 N.J. 427, 444 (2001) (quoting Rendine v. Pantzer, 141 N.J. 292, 317 (1995)). Parties can contractually agree to pay attorneys' fees. N. Bergen Rex Transp., Inc. v. Trailer Leasing Co., 158 N.J. 561, 570 (1999). Here, defendants agreed to pay plaintiffs' costs, attorneys' fees, and expenses.

To the extent that we have not addressed defendants' remaining arguments, we conclude that they are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4117-16T2